# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jeffrey A. Yost, | ) |
|       Plaintiff, | ) )  ) |
| v. | ) Civil Action No.: 2:09-2024-PMD ) |
| The City of Charleston and Herbert Whetsell, Paul Wieters, Kay Cross, and Harry Lesesne, in their individual capacities, | ) **ORDER** ) ) ) ) ) |
|       Defendants. | ) ) |

This matter is before the court on Defendants Herbert Whetsell, Paul Wieters, Kay Cross, and Harry Lesesne's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, Motion for a More Definite Statement pursuant to Rule 12(e). For the reasons set forth herein, Defendants' Motion to Dismiss is granted and Defendants' Motion for a More Definite Statement is rendered moot.

## BACKGROUND

Plaintiff Jeffrey Yost's suit arises out of the termination of his employment with the City of Charleston as the golf professional at the Charleston Municipal Golf Course. During his employment, Defendant Paul Wieters ("Wieters") was the Director of Special Events and Wellness, and Defendant Herbert Whetsell ("Whetsell") was the general manager of the golf course. Both men appear to have been Plaintiff's supervisors. According to Plaintiff, he discovered payroll and fund irregularities in late 2007 and early 2008, and after reporting these irregularities, Plaintiff alleges that Whetsell and Wieters showed a change in attitude towards him, which included a change in his job description and working hours. Later in 2008, after a

representative of the Budget and Finance Department for the city solicited suggestions from city employees on ways the city could save money, Plaintiff met with the representative and discussed the idea of combining the general manager position for the Charleston Municipal Golf Course with the golf professional position, which Plaintiff believes would save the city $50,000. Plaintiff alleges that after offering this recommendation he received "unwarranted criticisms and pretextual emails" from Wieters, which were copied to Whetsell. Then, in June of 2008, a vendor would not fill an order for Plaintiff because the vendor had been told that there was a change in personnel planned at the golf course. Plaintiff also alleges that he later received information that another golf course employee was trying to find information to use against Plaintiff to pass on to both Whetsell and Wieters.

In July of 2008, Plaintiff claims that $125 went missing from the golf course. While Plaintiff began his own investigation into the problem, he alleges that Whetsell and Wieters focused their investigation solely on the golf pro shop. A criminal investigation ensued, and Plaintiff was interviewed twice by an investigator for the police department. Plaintiff alleges that, although Whetsell, Wieters, and other employees of the golf course had access to the areas from where the money went missing, they were never subjected to a similar investigation. Around the time of the investigation, Wieters placed Plaintiff on administrative leave "until things got straightened out." Plaintiff continued to work from home, and at no time during his administrative leave did Wieters tell Plaintiff he was not to continue working. On July 31, 2008, Plaintiff met with Whetsell, Defendant Kay Cross ("Cross"), the Director of Human Resources for the City of Charleston, and "another person who was identified by Cross as 'Amy'." According to Plaintiff, he was told at the meeting that he had the option to resign or be fired, but

if he did not resign, he would forfeit $4,000 of pay and benefits which he already earned. Plaintiff did not resign and now claims that he was terminated without cause.

Plaintiff further alleges that, within hours of his termination, the Defendants caused another employee to resign in lieu of termination due to facts gathered during the investigation of the missing funds, and at a later date, they reduced another employee's annual leave as punishment for facts uncovered during the investigation. Plaintiff grieved his termination through the city grievance policy, and the termination of his employment was upheld. Plaintiff then brought this suit against the City of Charleston, alleging that it violated his due process rights through the manner in which it terminated his employment. As against Defendants Whetsell, Wieters, Cross, and Harry Lesesne, Plaintiff asserts a cause of action for defamation, and it is this claim that these individual Defendants ask the court to dismiss for failure to state a claim upon which relief can be granted. If the court does not dismiss Plaintiff's defamation claim against them, these Defendants ask the court to require Plaintiff to provide a more definite statement in his complaint regarding his defamation cause of action.

## **ANALYSIS**

Plaintiff alleges the following defamation cause of action against the individual Defendants in his complaint:

> 30. The defendants herein uttered, stated, published and declared and implied to numerous persons, both within and without the City of Charleston, statements that the plaintiff had been terminated due to facts gathered from an investigation into missing funds; that the plaintiff had been allegedly dishonest during the investigation; that the city does not terminate without cause and that the plaintiff was accused of violating city policies; the defendant disclosed information during and after the investigation to non-necessary parties which damaged the plaintiff.

3

31. The proximity of the plaintiff's termination to the actions taken against other employees gave those employees that were punished, fellow employees and others, the feeling and belief that the plaintiff had been discharged for some wrongful activity associated with the investigation that led to the actions against other employees. The defendants' insinuations were false and malicious and plain in meaning; the insinuations and such inference of wrongdoing amounts to the publication of defamatory matter.

32. These statements and insinuations were false and known to be false when made by the defendants and were made maliciously, intentionally and in bad faith for the purpose of injuring or harming the plaintiff.

33. The statements were defamatory *per se* imputing to the plaintiff the commission of a crime and his unfitness for his job or profession.

34. Such false statements have caused the plaintiff both proximately related and specially related damages including embarrassment, humiliation, mental anguish and pain and suffering . . . .

(Compl.) Based on this language, it appears Plaintiff pursues relief against the individual defendants for defamation based on two theories: (1) any defamatory "statements" they allegedly made to third parties; and (2) any "insinuations" derived from the proximity in time between his termination and the resignation and punishment of other employees implicated in the missing funds investigation.

Regarding Plaintiff's defamation cause of action based on any statements allegedly made by the individual Defendants, they ask the court to dismiss this claim pursuant to Rule 12(b)(6), or in the alternative, require Plaintiff to provide a more definite statement. When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

4

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 518, 506 S.E.2d 497, 506 (1998).

Defendants contend that the complaint fails to assert any specific factual allegations regarding statements made by any of them. (Mot. to Dismiss at 4.) Since the complaint fails to allege what defamatory statements were made and fails to allege which individual Defendants made them, Defendants ask the court to dismiss the Plaintiff's defamation claim against them or to require Plaintiff to provide more definite statements as to each individual Defendant so they may properly prepare an answer. In response, Plaintiff claims that he has plead sufficient allegations to survive a motion to dismiss. While Plaintiff concedes that the allegations in his complaint lack specificity, he clarifies that the defamatory representations alleged to have been made are those arising from the "separation meeting" on July 31, 2008, which included the presence of Whetsell and Cross, as well as other representations Plaintiff believes the individual Defendants may have made to third parties after the separation meeting. Plaintiff believes these "representations" may have conveyed that Plaintiff was discharged for taking money from the

golf course. Plaintiff asks the court to permit him to complete discovery "in order to determine to what persons such information was imparted and the specific content of the information itself, which is alleged to be defamatory." (Resp. in Opp. at 2–3.)

After considering Plaintiff's argument, the court dismisses all of Plaintiff's claim against Defendant Lesesne. The complaint only recognizes Lesesne for the facts that he is a citizen of South Carolina and worked as the executive assistant to Mayor Joseph Riley. (*See* Compl. ¶ 2.) He is not alleged to have been involved with the July 31, 2008 meeting in which Plaintiff believes defamatory statements were made, nor has Plaintiff made any other factual allegations against Lesesne that could state a claim to relief that is plausible on its face. The court also dismisses Plaintiff's defamation claim based on any statements allegedly made by Defendants Wieters, Whetsell, and Cross. Plaintiff has not provided any basis that would cause him to believe that these individual Defendants made defamatory statements or to whom they were made, and "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim." *Walker v. Prince George's County*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)). As the Supreme Court directed, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. 1937, 1950 (2009). Therefore, the court dismisses Plaintiff's defamation claim based on any statements allegedly made by the individual Defendants.

The court also dismiss Plaintiff's defamation claim against the individual defendants based on insinuations or impressions created by the proximity in time between his termination and the resignation and punishment of other employees implicated in the investigation of the

missing money. Under South Carolina law, a defamatory insinuation may be actionable if it is false, malicious, and plain in meaning. *Tyler v. Macks Stores of S.C., Inc.*, 275 S.C. 456, 458, 272 S.E.2d 633, 634 (S.C. 1980). Plaintiff has alleged that money went missing from the golf course and that a criminal investigation was conducted into the matter. Furthermore, Plaintiff alleges that he was questioned by the police on two different occasions during their investigation and that he was placed on administrative leave during this time. Finally, Plaintiff alleges that, although he never was implicated in the investigation regarding the missing money, he was terminated around the same time two other employees were punished after admitting they mishandled money at the golf course and after a meeting, which involved Wieters and Cross. Now Plaintiff claims that these actions implied to other employees and others that he had been terminated for acts discovered during the investigation of the missing money.

While Plaintiff has sufficiently pleaded a claim for defamation, the cases that have addressed defamation claims based the termination of one's employment have recognized the claim against an employer rather than an agent of the employer. *See, e.g.*, *Duvall v. Honeywell Techs. Solutions, Inc.*, No. 9:06-3544, 2008 U.S. Dist. LEXIS 9166, at *7 (D.S.C. Feb. 6, 2008); *Hampton v. Conso Prods., Inc.*, 808 F. Supp. 1227 (D.S.C. 1992); *Wilson v. Ward*, No. 89-MO-125, 1989 WL 380480 (S.C. Ct. App. 1989). A principal may be held liable for defamatory statements or insinuations made by an agent acting within the scope of his employment or within the scope of his apparent authority, *Murray v. Holnam, Inc.*, 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001) (citation omitted), and the decision to terminate Plaintiff's employment would have been an act made within the scope of a City of Charleston employee's employment. Therefore, although the court dismisses Plaintiff's defamation claim against the individual

Defendants, Plaintiff should amend his complaint to assert this cause of action against the City of Charleston.

## **CONCLUSION**

Therefore, it is **ORDERED** that Defendants Herbert Whetsell, Paul Wieters, Kay Cross, and Harry Lesesne's Motion to Dismiss is **GRANTED**, and their Motion for a More Definite Statement is rendered **MOOT**. Plaintiff is granted leave to amend his complaint to assert his defamation cause of action against the City of Charleston.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 24, 2009**
**Charleston, South Carolina**